IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANGELA SHARPLESS, on behalf of herself
and all others similarly situated,

                       Plaintiff,                     OPINION and ORDER

   v.

                                                            21-cv-816-jdp

KI MOBILITY LLC,

                       Defendant.

---

      This is a proposed class and collective action in which plaintiff Angela Sharpless contends that defendant KI Mobility LLC violated the Fair Labor Standards Act (FLSA) and Wisconsin wage law by shaving time (via electronic timeclock rounding) from employees' weekly timesheets. On April 12, 2023, the court granted the parties' stipulated motions to certify a collective and class action, file an amended complaint, preliminarily approve their proposed settlement, and distribute notice to the class and collective. Dkt. 24. A fairness hearing is scheduled for August 30, 2023.

      After plaintiffs' counsel distributed the notice, they discovered that the settlement agreement, notice, and other related documents incorrectly identified in the class and collective definitions the departments of the employees eligible to participate in the settlement. The correct employees have been allocated funds in the settlement, received written notice of the settlement, and had the opportunity to opt-in, opt-out, or object to the settlement. But to correct the error and ensure that all eligible employees understood their right to opt in to the collective, opt out of the class, or object to the settlement, the parties have filed a joint motion to amend the settlement agreement, file a second amended complaint, provide an additional

notice and opt-in period, and reschedule the fairness hearing. Dkts. 42 and 44. The motion will be granted. The fairness hearing will be rescheduled for September 28, 2023, at 10 a.m.

ANALYSIS

During settlement negotiations, the parties realized that KI Mobility's rounding policy had a favorable or at least neutral effect on employees in the following departments, which I will refer to as Group 1: Operations Direct, Manufacturing Systems Indirect, Shipping & Boxing Direct, Marketing Indirect, Quality Indirect, Operations Indirect, Design Engineering Indirect, Finance Indirect, Complex Rehab Systems Indirect, and Human Resources Indirect. The policy negatively affected only those employees working in the following departments, which I will refer to as Group 2: Sales Indirect, IT Indirect, Manufacturing Indirect, Facilities Indirect, Materials Direct, Admin Indirect, Manufacturing Direct, Materials Indirect, Customer Service Direct, Customer Service Indirect, or Final Inspection Direct. The parties focused their settlement discussions on Group 2 and reached a settlement based on time punch data from that group.

In drafting the settlement agreement, motion for preliminary approval, and related documents, plaintiffs' counsel inadvertently used the list of Group 1 departments. So the class and collective definitions incorrectly included Group 1 and omitted Group 2. But the names and addresses that defense counsel provided to plaintiffs' counsel for purpose of mailing notices included only those employees who worked in the correct Group 2 departments. In the end, the correct group of current and former employees (from Group 2) were allocated funds in the settlement agreement, received written notice, and have had an opportunity to opt-in, opt-out, or object to the settlement.

To avoid any possibility that Group 2 employees who received the notice may have been dissuaded from opting in, opting out, or objecting to the settlement because they did not work in a Group 1 department listed on the notice, the parties seek to issue an additional curative notice via U.S. Mail to all employees who worked in a Group 2 department during the relevant time period and who have not already opted into the FLSA settlement collective. The proposed curative notice, Dkt. 42-3, clearly states that it is a corrected notice, describes the error in the previous notice, and gives members an additional 30-day period to opt-in to the FLSA collective, opt-out of the Rule 23 Class, and/or object to the Rule 23 settlement.

The court is satisfied with the parties' proposal and will preliminarily approve the amendment to the settlement agreement, grant plaintiff leave to file a second amended complaint stating the corrected class and collective definitions, and approve distribution of the revised notice and additional notice period. The parties may have until seven days from the date of this order to disseminate the corrected notice to the class, after which class members will have 30 days to opt in to the FLSA collective, opt out of the Rule 23 class, or file objections. The parties may have until September 8, 2023, to file a motion for final approval addressing the factors in Rule 23(e)(2). Class counsel may have until September 8, 2023, to file a motion for attorney fees; defendant may have until September 15, 2023, to respond. The court will hold a fairness hearing via Zoom on September 28, 2023, at 10:00 a.m.

ORDER

IT IS ORDERED that:

1. The parties' stipulated motion to file a second amended complaint, Dkt. 44, is GRANTED. Plaintiff may have until five days from the date of this order to file the amended complaint as a separate document.

3

2. The parties' joint motion to amend the settlement agreement, Dkt. 42, is GRANTED.

3. The definition of the class previously certified under Federal Rule of Civil Procedure 23 is revised to read:

    All current and former hourly-paid employees who worked for defendant at any time between June 24, 2019, and December 31, 2021 who (i) were employed in one of the following departments: Sales Indirect, IT Indirect, Manufacturing Indirect, Facilities Indirect, Materials Direct, Admin Indirect, Manufacturing Direct, Materials Indirect, Customer Service Direct, Customer Service Indirect, or Final Inspection Direct, and (ii) do not timely exclude themselves from this action ("Class Members").

4. The definition of the collective previously certified under 29 U.S.C. § 216(b) is revised to read:

    All current and former hourly-paid employees who worked for defendant at any time between June 24, 2019, and December 31, 2021 who (i) were employed in one of the following departments: Sales Indirect, IT Indirect, Manufacturing Indirect, Facilities Indirect, Materials Direct, Admin Indirect, Manufacturing Direct, Materials Indirect, Customer Service Direct, Customer Service Indirect, or Final Inspection Direct, and (ii) have timely returned Consent Forms in this action ("Collective Members").

5. Class counsel may have until seven days from the date of this order, to send out the corrected notice, Dkt. 42-3, giving members an additional 30 days to opt in to the collective, opt out of the class, or file an objection.

6. The parties may have until September 8, 2023, to file a motion for final approval and a motion for fees and costs. Defendant may have until September 15, 2023, to respond.

7. The court will hold a fairness hearing on September 28, 2023, via Zoom video conference, at 10:00 a.m.

Entered July 26, 2023.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge