UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ANGELA SHARPLESS,
on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

KI MOBILITY LLC,

      Defendant.

Case No. 21-cv-816

---

## MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

---

Plaintiff Angela Sharpless, on behalf of herself and all others similarly situated, and Defendant KI Mobility LLC, jointly move this Court for final settlement approval in this matter in accordance with the parties' Settlement Agreement and Release of Claims, ECF No. 17-1 ("Settlement Agreement"), as preliminarily approved by this Court on April 12, 2023. (ECF No. 24.)

### PROCEDURAL POSTURE

On November 4, 2022, the parties filed their Joint Motion for Preliminary Approval of Collective and Class Action Settlement ("Preliminary Approval Motion") with the Court. (ECF No. 17.) The parties' Settlement Agreement was attached thereto for the Court's review. (ECF No. 17-1.) On March 14, 2023, this Court denied the parties' Preliminary Approval Motion without prejudice. (ECF No. 19.)

On March 17, 2023, the parties filed their Renewed Motion for and Joint Supplemental Brief in Support of Motion for Preliminary Approval of Collective and Class Action Settlement,

in which the parties addressed the Court's concerns with their settlement. (ECF No. 21.) Satisfied with the parties' submissions, the Court entered an Opinion and Order on April 12, 2023, approving the parties' Settlement Agreement. (ECF No. 24.)

Pursuant to the parties' Settlement Agreement, Plaintiff's counsel handled settlement notice administration. (Declaration of James A. Walcheske in Support of Motions ("Walcheske Decl."), ¶¶ 42, 47.) On May 2, 2023, Plaintiff's counsel mailed the Court-approved Notice of Proposed Class and Collective Action Settlement and Consent to Join Forms (collectively, "Notice") to 364 Class Members and putative Collective Members. (*Id.* at ¶ 43.)

Pursuant to this Court's April 12, 2023 Opinion and Order, Notice recipients had forty-five (45) days from the date of mailing to return their Consent to Join Forms, request exclusion, and/or object to the parties' Settlement Agreement. (*See* ECF Nos. 17-1, 24; Walcheske Decl., ¶ 44.) Thus, all Consent to Join Forms, requests for exclusion, and objections had to be postmarked on or before June 16, 2023. (Walcheske Decl., ¶ 44.)

During the course of administration, it came to the parties' attention that while the correct group of current and former employees of Defendant were allocated funds through the parties' Settlement Agreement, correctly received Notice, and thus were afforded the opportunity to consent to join the FLSA Collective, opt out, and object, the group was incorrectly identified and described in that Settlement Agreement and Notice. (*See* ECF No. 42.) In response, the parties executed an amendment to their Settlement Agreement correcting this error, corrected the Notice to identify the correct group, and Plaintiff's counsel drafted and filed a Second Amended Complaint correcting the class definitions to assure accuracy in their filings. (*See id.* at ECF Nos. 42-44.)

Given these developments, on July 19, 2023, the parties requested that the Court approve the amendment to their Settlement Agreement, grant Plaintiff leave to file her Second Amended Compliant, and approve the sending of the corrected Notice with an additional thirty (30) day notice period. (ECF No. 42.) On July 26, 2023, this Court entered an Opinion and Order granting the parties' requested relief. (ECF No. 45.)

Pursuant to the parties' agreement and this Court's Opinion and Order, Plaintiff's counsel mailed the corrected Notice to Class Members and putative Collective Members on August 4, 2023. (Walcheske Decl., ¶ 48; *see also* ECF Nos. 42-1, 45.) Pursuant to the same, any Consent to Join Forms, requests for exclusion, and objections had to be postmarked on or before September 5, 2023, in order to be timely. (Walcheske Decl., ¶ 49; *see also* ECF Nos. 42-1, 45.)

Accordingly, the putative Collective Members have had two (2) distinct opportunities to opt-into the settlement, with a total notice period of seventy-five (75) days.

## NOTICE ADMINISRATION RESULTS

Plaintiff's counsel mailed the initial Notice to all Class Members and putative Collective Members on May 2, 2023. (Walcheske Decl., ¶ 43.) Of the 346 Notices mailed, 24 were returned as undeliverable. (*Id.* at ¶ 45.) Of those 24, 7 contained forwarding addresses and were remailed to those addresses. (*Id.*) Of the remaining 17 returned Notices, Plaintiff's counsel obtained alternative addresses for 14 individuals through the public records database PeopleMap, for which they maintain a subscription through Westlaw, as well as the Wisconsin Circuit Court Access System, and remailed such Notices accordingly. (*Id.*) In addition, Plaintiff's counsel emailed Notice to three (3) individuals for whom they obtained email addresses from Defendant's counsel. (*Id.*) Thus, upon information and belief, Plaintiff's counsel was able to successfully deliver Notice to all 346 individuals. (*Id.*)

3

Of the 346 individuals who received Notice, initially, forty-two (42) individuals completed and returned Consent to Join Forms, (*id.* at ¶46; *see also* ECF Nos. 26-34, 36, 38, 40-41), and three (3) individuals requested exclusion. (Walcheske Decl., ¶ 46; *see also* ECF Nos. 35, 37, 39.) Plaintiff's counsel did not receive any objections. (Walcheske Decl., ¶ 46.)

Plaintiff's counsel mailed the corrected Notice to the Class and putative Collective on August 4, 2023. (*Id.* at ¶ 48.) To avoid unnecessary confusion, the corrected Notice was mailed to the 304 individuals who did not previously return Consent to Join Forms. (*Id.*)

Of the 304 corrected Notices mailed, 12 were returned as undeliverable. (*Id.* at ¶ 50.) Of those twelve (12), one contained a forwarding address and was promptly remailed. (*Id.*) Plaintiff's counsel obtained alternate mailing addresses for seven (7) additional individuals through PeopleMap and remailed the corrected Notices accordingly. (*Id.*) Plaintiff's counsel further determined that another intended recipient had passed away. (*Id.*) Despite Plaintiff's counsel's best efforts, they were unable to locate mailing addresses for two (2) individuals. (*Id.*) Notably, these two (2) individuals had been remailed Notice in connection with the first Notice mailing. (*Id.*)

Of the 304 individuals who received the corrected Notice, twelve (12) individuals completed and returned Consent to Join Forms. (*Id.* at ¶ 51; *see also* ECF No. 47.) Plaintiff's counsel did not receive any requests for exclusion or objections. (Walcheske Decl., ¶ 50.)

Thus, in total, fifty-five (55) individuals, including Plaintiff, have consent to join this action and form the FLSA Collective for settlement purposes. (*Id.* at ¶ 52.) Three (3) individuals requested exclusion and, as such, are not covered by the parties' Settlement Agreement. (*Id.*) Thus, for settlement purposes the Rule 23 Class is comprised of 343 individuals. (*Id.*)

As of the date of this Motion, no objections have been received from any Collective or Class Members. (*Id.* at ¶¶ 46, 52.) Additionally, no objections or responses have been received in relation to the CAFA Notice. (*Id.* at ¶ 61.)

Pursuant to the parties' Settlement Agreement, all FLSA Collective Members will receive their respective Class and Collective allocations from the Class Fund and Collective Fund. (*See* ECF No. 17-1, ¶ 3, Ex. 1.) All Rule 23 Class Members who did not properly exclude themselves from the settlement will receive their respective allocations from the Class Fund. (*See id.*)

Given the considerations above, counsel for the parties believe that the terms and conditions embodied in the parties' Settlement Agreement are fair, reasonable, and adequate.

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Within twenty (20) business days of this Court's Final Approval Order, Defendant will issue payment to all Collective and Class Members consistent with the Allocation Report attached to the parties' Settlement Agreement as Exhibit 1. (ECF No. 17-1, ¶ 11.A.) Such payments will be sent to Plaintiff's counsel for distribution. (*Id.*) Plaintiff's counsel is then responsible for settlement check administration, consistent with its efforts to date. (*See id.*)

Similarly, within twenty (20) business days of this Court's Final Approval Order, Defendant will issue payment to Plaintiff's counsel for their Court-approved attorneys' fees and costs and Plaintiff's Court-approved Enhancement Payment. (*Id.*)

Settlement Checks must be cashed or deposited within one hundred fifty (150) days of issuance. (*Id.* at ¶ 11.C.) If a Settlement Check has not been cashed or deposited by a Settlement Class member by that date, Defendant will issue a stop payment order on it and all other uncashed and returned checks. (*See id.* at ¶ 11.C.) Defendant agrees to cooperate in good faith with Plaintiff's counsel in the event that any check remains uncashed or needs to be reissued. (*Id.*)

Any portion of the Collective and/or Class Fund that is unclaimed by virtue of not opting-into the FLSA Collective, requesting exclusion from the Rule 23 Class, or not cashing Settlement Checks within one hundred fifty (150) days shall revert to Defendant. (*Id.*)

## **ARGUMENT**

### I.       FINAL SETTLEMENT APPROVAL STANDARD

A Court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II.   FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involved *bona fide* disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability and damages with respect to the alleged facts or causes of action asserted by Plaintiff. Despite those disputes, the parties agreed it was in their best interests to pursue resolution and, as such, engaged in extensive data analysis and calculation, and engaged in informal, arm's-length and good-faith settlement discussions and negotiations over the course of months, the fruits of which are embodied in their Settlement Agreement.

The amount recoverable by Collective and Class Members represents a significant result. The Settlement Fund created through the parties' Settlement Agreement totals $125,000.00. (ECF No. 17-1, ¶ 2.) The amount of the Settlement Fund payable to all participating Collective and Class Members totals $79,372.82. (*Id.* at ¶ 3.) This is a combination of the $52,931.88 Class Fund and $26,465.94 Collective Fund. (*Id.*)

As detailed in the parties' preliminary approval filings, these amounts, and the individual allocations underlying them represent the total amount Plaintiff's counsel calculated all putative members of the FLSA Collective and Rule 23 Class could allegedly and specifically be owed based on available punch data and pay rates applicable to such individuals. (ECF No. 17, p. 9.) Specifically, Plaintiff's counsel calculated that the 346 putative Collective and Class Members were "owed" a total of approximately $52,520.59. (*Id.*) Individuals who were not "owed" anything were nonetheless allocated five dollars ($5.00), increasing this total to $52,931.88, the amount allocated as the Class Fund. (*Id.*; ECF No. 17-1 ¶ 3(A).) The Collective Fund then represents liquidated damages of 1.5 times the amounts allocated through the Class Fund. (ECF No. 17, p. 9; ECF No. 17-1, ¶ 3(B), Ex. 1.)

7

Given that participating Class Members stand to recover their actual amounts "owed," (or $5.00 in the event they were calculated to be owed nothing), the parties believe that the individual allocations from the Class Fund constitute a reasonable and adequate recovery. (Walcheske Decl., ¶ 57.) Further, the Settlement Agreement was structured such that Class Members were not required to take any action whatsoever in order to recover monies through the parties' settlement. (ECF No. 17-1, Ex. B; ECF No. 42-3.)

Under these circumstances, the parties believe their Agreement to be fair, reasonable, and adequate. Further, and as indicated, no objections were received from any Collective or Class Members and no objections or responses were received to the CAFA Notice in response to the parties' settlement. (Walcheske Decl., ¶¶ 46, 52, 61.)

## **CONCLUSION**

For all of the reasons herein, the parties respectfully request that this Court:

1. Approve the Settlement Agreement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e), and as representing a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

2. Declare the Agreement to be binding on Plaintiff, Defendant, and all Collective and Class Members;

3. Grant Plaintiff's Unopposed Motion for Approval of Enhancement Award and approve the same in the amount of $2,500.00;

4. Grant Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs in the total amount of $43,102.18;

5. Authorize payments to Plaintiff, her counsel, and all Collective and Class Members in accordance with the parties' Settlement Agreement;

6. Order that Plaintiff's released claims and the released claims of all Collective and Class Members are dismissed with prejudice;

7. Order that the FLSA claims of all Class Members who did not consent to join the litigation are dismissed without prejudice;

8. Order that the FLSA claims and Wisconsin state law claims of the Class Members who properly and timely excluded themselves in accordance with the procedures in the Settlement Agreement are dismissed without prejudice; and

9. Order that this matter is dismissed on the merits, with prejudice, and without further costs to the Parties.

Dated this 8th day of September, 2023

s/ *James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009
WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com

*Attorneys for Plaintiff*

s/ *Tony H. McGrath*
Tony H. McGrath, State Bar No. 1042806
Brian G. Nuedling, State Bar No. 1035493

JACKSON LEWIS P.C.
22 E. Mifflin Street, Suite 800
Madison, Wisconsin 53703
Telephone: (608) 807-5274
Email: tony.mcgrath@jacksonlewis.com
Email: brian.nuedling@jacksonlewis.com

*Attorneys for Defendant*